UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  CV 10-8729-JST (CWx) | Date:  May 31, 2011 |
| Title:  Chih-Cheng Tsao v. County of Los Angeles | |

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Ellen Matheson | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DISMISSING CASE WITH PREJUDICE**

On April 22, 2011, in the related case *Chih-Cheng Tsao v. County of Los Angeles*, 2:09-cv-01268-JST (CWx) (*Tsao I*), the Court granted Defendant's Motion for terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and dismissed the case with prejudice for Plaintiff's repeated failure to follow the Court's orders.  In *Tsao I*, Plaintiff brought a claim against the County of Los Angeles for retaliatory termination in violation of 42 U.S.C. section 2000e, *et seq*.  (*See* 2:09-cv-01268-JST (CWx), Doc. 99.)  Here, Plaintiff brings the same claim against the same Defendant.

On May 13, 2011, the Court ordered the parties in this matter to show cause why this matter should not be dismissed on *res judicata* grounds in light of the Court's dismissal of the related case. (Doc. 42.)  On May 23, 2011, Defendant filed a response.  (Doc. 43.)  To date, Plaintiff has not responded.

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action."  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal citation and quotation marks omitted).  "Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* (internal citation and quotation marks omitted).  Because the parties and claim here are identical to the claim and parties in *Tsao I*, the only question is whether there was a final judgment on the merits in *Tsao I*.

Rule 41(b) provides that unless the dismissal order states otherwise, "any dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19[,] operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"  *Stewart*, 297 F.3d

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-8729-JST (CWx)                              Date: May 31, 2011
Title: Chih-Cheng Tsao v. County of Los Angeles

at 956. The Ninth Circuit has held that a sanction dismissal pursuant to Rule 37 is an adjudication on the merits. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983) ("By its terms, Rule 37 authorizes the sanction of dismissal, and a punitive dismissal is equivalent to an adjudication on the merits."); *see Costello v. United States*, 365 U.S. 265, 286 (1961) (holding that dismissal based on a plaintiff's failure "to comply with an order of the Court . . . unless the Court otherwise specifies, bar[s] a subsequent action."). Because the Court's order dismissing *Tsao I* pursuant to Rule 37 constituted a judgment on the merits, this case is barred by *res judicata* and is DISMISSED with prejudice.

Initials of Preparer:  <u>enm</u>